Cohn, J.
(dissenting). Plaintiff sued to recover the sum of $1,104, being the full value of ten packages which were delivered to defendants, common carriers by motor truck. These packages were lost by defendants before delivery to the consignee. Concededly the ten packages were distinct parcels and were not fastened together in any way. A separate charge of fifteen cents for each was made though all were shipped at the same time to the same consignee. Defendants contend that their liability for the loss was fixed at a total sum of fifty dollars. This contention is based upon the fact that the contract between the parties provided that the company’s liability was to be limited to fifty dollars per shipment unless a greater value was declared and paid for. In awarding judgment to plaintiff in the sum of $500 the trial court did so upon the theory that the limitation of liability of fifty dollars applied to each parcel in the sMpment received by defendants for delivery.
In my view defendants’ claim is without merit. The rate of transportation was based on a unit, package or bundle. Bach parcel was a separate shipment and charged as such. The more packages received by the carrier, the greater the charge for the freight. If defendants’ contention is sustained, then its liability is no more for a shipment of 100 packages than it would be for ten packages, though the charge for a hundred would be ten times the charge for ten. Where, as here, the extent of the liability remains the same irrespective of the charge, the limitation of liability is invalid. The law is settled that a limitation is legal only when it is related to the rate charged for transportation. (Burke v. Union Pacific R. R. Co., 226 N. Y. 534, 542, affd. sub nom. Union Pacific R. R. Co. v. Burke, 255 U. S. 317, 321.) In this case the defendants charged a rate of fifteen cents per package. "The limitation of liability of fifty dollars for a ship *169 ment regardless of the number of packages the shipment contained, was in no way related to the rate charged for transportation, and such limitation would clearly be invalid.
The trial court here adopted a legal and practical result by applying the fifty dollar liability limit to each package received by defendants for delivery and by allowing plaintiff a recovery of $500 for the ten packages. This conclusion, unanimously concurred in by the Justices of the Appellate Term, was just and proper. Accordingly, I dissent and vote to affirm the determination of the Appellate Term.
Dore and Shientag, JJ., concur with Van Voorhis, J.; Cohn, J., dissents in opinion in which Callahan, J., concurs.
Determination of the Appellate Term and judgment of the City Court modified by reducing the recovery of damages to the sum of $50 and as so modified affirmed, with costs in this court and in the Appellate Term to the appellants. Settle order on notice. [See post, p. 877.]